IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA VIGIL,

    Plaintiff,

v.        No.  CV-08-0980 JB/RLP

CITY OF ESPANOLA, RUSSELL
NARANJO, IN HIS OFFICIAL CAPACITY
AND INDIVIDUALLY,

    Defendants.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND  MEMORANDUM IN SUPPORT

Defendants City of Española and Russell Naranjo ("Naranjo") respectfully move the Court to enter summary judgment in their favor on Counts I and II of Plaintiff's Complaint.  As grounds for this motion, Defendants state that Plaintiff failed to file her complaint within the statute of limitations of the New Mexico Human Rights Act and that all of her New Mexico Human Rights Act claims are therefore barred as a matter of law.  In addition, Plaintiff did not name Naranjo in her charge of discrimination and therefore failed to exhaust her administrative remedies under the New Mexico Human Rights Act with respect to the claims against Naranjo. Counsel for Defendants contacted counsel for Plaintiff on November 25, 2008 to determine Plaintiff's position on this motion.  As of December 1, 2008, Plaintiff had not communicated her position on the motion, and so Defendants presume that she opposes it.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff filed a charge of discrimination against the City of Española on September 14, 2007. See Charge of Discrimination, attached to Declaration of Felicia Lujan as Ex. A-1.

2. Plaintiff did not name Russell Naranjo in her charge of discrimination. Id.

3. On May 22, 2008, the State of New Mexico Department of Workforce Solutions issued an Order of Nondetermination dismissing Plaintiff's charge under the New Mexico Human Rights Act and informing Plaintiff and her lawyer of the provisions of NMSA § 28-1-13(A) requiring Plaintiff to file a notice of appeal in the district court within ninety days of the "date of service of the commission's order." Ex. A ¶ 7; Ex. A-2.

4. Plaintiff filed the complaint initiating the instant lawsuit on September 17, 2008, 118 days after the service of the commission's Order of Non-Determination. [Doc. No. 1 (attached to Defendants' Notice of Removal).]

## Argument and Authorities

I. The Statute of Limitations Bars Plaintiff's NMHRA Claims

The New Mexico Human Rights Act ("NMHRA") provides the administrative process a plaintiff must follow to assert claims under the NMHRA. Exhaustion of administrative remedies—that is, filing a timely charge of discrimination and obtaining an order on that charge from the New Mexico Human Rights Division—is a mandatory prerequisite to pursuing NMHRA claims in court. See Mitchell-Carr v. McLendon, 1999-NMSC-025, ¶ 20, 127 N.M. 282, 288 ("the exhaustion of administrative remedies is a prerequisite to suit under the NMHRA"). Under the NMHRA, a party wishing to obtain a "trial de novo" of claims asserted under the NMHRA must do so "by filing a notice of appeal within ninety days from the date of

service of the commission's order" on the charge of discrimination filed pursuant to the NMHRA.  NMSA § 28-1-13(A).

In the instant case, Plaintiff filed a charge of discrimination on September 14, 2007.  Material Facts ¶ 1.  The New Mexico Human Rights Division served its Order of Nondetermination regarding that charge on May 22, 2008.  Material Facts ¶ 3.  Under § 28-1-13(A), Plaintiff had until August 20, 2008—ninety days from May 22, 2008—to file a notice of appeal in district court.  Plaintiff, however, did not file her notice of appeal until September 17, 2008.  Material Facts ¶ 4.  That was 118 days after the service of the Order of Nondetermination.  Plaintiff's notice of appeal was weeks late.  Indeed, even if the NMHRA provided for filing within 90 days of "receipt" rather than "service," and even if the Court were to use the "three-day presumption"[1] used in Title VII cases, Plaintiff's notice of appeal would still be weeks too late.  See, e.g., Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 259 (10th Cir. 1994); Bergman v. Sprint/United Mgmt. Co., 981 F. Supp. 1399, 1402 (D. Kan. 1997).  Plaintiff violated the statute of limitations set forth in § 28-1-13(A), and her NMHRA claims asserted as Counts I and II of her complaint should be dismissed with prejudice.

    II.    <u>Plaintiff Did Not Exhaust Her Administrative Remedies As To Defendant Naranjo.</u>

New Mexico law is very clear that a plaintiff may not bring NMHRA claims against individual defendants unless she has named the individual defendants as respondents in her NMHRA charge.  See Luboyeski v. Hill, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994) ("individual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them").  Plaintiff did not

---

[1] Counsel for Defendant City of Española received the Order of Nondetermination only one day later, on May 23, 2008.  See date stamp on Ex. A-2.


name Defendant Naranjo as a respondent in her charge. Material Facts ¶ 2. The Order of Nondetermination Plaintiff received referred only to the "City of Española" as a respondent. Ex. A-2. Plaintiff failed to exhaust her administrative remedies as to Defendant Naranjo, and her NMHRA claims against him must be dismissed as a matter of law. Luboyeski, 117 N.M. at 382, 872 P.2d at 355 (affirming dismissal of individual defendants who were not named as respondents in plaintiff's NMHRA charge of discrimination).

## Conclusion

By filing her lawsuit more than 90 days after the service of the Order of Nondetermination, Plaintiff violated the statute of limitations. By failing to name Defendant Naranjo as an individual respondent in her charge of discrimination, Plaintiff did not exhaust her administrative remedies as to him. Plaintiff's NMHRA claims, pled as Counts I and II in her complaint, fail as a matter of law and should be dismissed in their entirety and with prejudice.

       Respectfully submitted,

       RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

       By   /s/ *Electronically Filed*
          Jeffrey L. Lowry
          Cristina A. Adams
       Attorneys for Defendants
       P.O. Box 1888
       Albuquerque, New Mexico 87102
       Telephone: (505) 765-5900
       Facsimile: (505) 768-7395

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December 2008, I filed the foregoing electronically through the CM/ECF system which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

Yvonne K. Quintana, Attorney for Plaintiff
ykq_law@valornet.com

By /s/ *Electronically Filed*
Jeffrey L. Lowry