FOR THE DISTRICT OF NEW MEXICO

MELISSA VIGIL,
        PLAINTIFF,

VS.                                                NO. CIV-08-00980 CG/RLP

CITY OF ESPANOLA, RUSSELL NARANJO,
IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY,
        DEFENDANTS.

## PLAINTIFF'S ANSWER TO MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II AND MEMORANDUM IN SUPPORT

Plaintiff Melissa Vigil respectfully requests that the Court deny Defendant's request for Summary Judgment.

In support of Plaintiff's Answer Plaintiff filed her complaint within the statute of limitations of the New Mexico Human Rights Act, as a result, Plaintiff's claims are not barred as a matter of law. Plaintiff identified the Defendant in her original charge of discrimination by identifying him as " the Assistant Director" and indicating that the Assistant Director subjected her to sexual harassment. As a result, Defendants have failed to establish the facts it asserts are undisputed in its Motion for Summary Judgment. They remain disputed issues of fact necessitating resolution.

## Statement of Disputed Issues of Material Fact

1. Plaintiff filed the complaint initiating the instant lawsuit within 90 days after service of the Commission's Order of Non-determination on the Plaintiff.

2. The Commission's Order of Non-determination reflects mailing on May 22, 2008.

3. Plaintiff, and her attorney did not receive the Order of Non-determination by mail.

4. The Order of Non-determination was received by the Plaintiff on June 26, 2008, as reflected by the attached receipt (Exhibit 1).

5. Plaintiff through her attorney picked up a copy of the Order of Non-determination in person by hand delivery on June 26, 2008. (See Attorney's Affidavit attached hereto as Exhibit 2 and Affidavit of Pamela Lujan y Vigil attached as Exhibit 3).

6. The Assistant Director identified by Plaintiff in her original complaint and charge of discrimination is Russell Naranjo, Assistant Planning Director of the Defendant City of Espanola. (See Plaintiff's Affidavit attached hereto as Exhibit 4).

7. Plaintiff filed her Affidavit dated June 5, 2007 with the New Mexico Human Rights Commission as part and parcel of her original charge of discrimination, which identifies Russell Naranjo as the "Assistant Director" who subjected her to sexual harassment and abuse.

8. The Defendant Russell Naranjo submitted an Affidavit to the New Mexico Human Rights Commission as part of the response to Plaintiff's charger of discrimination, admitting to sexual comments.

## Argument

The Plaintiff was served with the Order of Non-determination on June 26, 2008 when it was picked up from the New Mexico Human Rights Commission office in Santa Fe, New Mexico. The receipt of the service of the Order in this case occurred on June 26, 2008. The Order states on its face **"If you do not file a notice of appeal with the appropriate District Court within ninety (90) days of your receipt of this Order, and if you do not properly serve the Notice, your right to appeal this Order on Non-determination to the District Court will expire"**.

The records reflect that the Order was not received by Plaintiff until June 26, 2008. Plaintiff did not even have notice of the issuance of the Order until June 25,

2008.  Filing of Plaintiff's complaint on September 17, 2008 was within 90 days of service of and receipt of the Order of Non-determination.

Plaintiff through her counsel would have had no reason to follow up on the request for Notice of Right to Sue if the Order of Non-determination had been received.  Likewise, if the Order of Non-determination had been received there would have been no reason for the New Mexico Human Rights Commission to provide for hand delivery and counsel would have had no reason to travel to the Santa Fe Office of the New Mexico Human Rights Commission to obtain the same.

Filing of the complaint and appeal from the New Mexico Human Rights Commission Order of Non-determination was timely on September 17, 2008 as it was within the ninety day statutory timeframe, with the order having been served and received by Plaintiff on June 26, 2008.

The Defendant City's receipt of the Order of Non-determination does not constitute service or receipt on the Plaintiff.

Plaintiff identified Russell Naranjo the Assistant Director in her initial complaint and supporting documents.  Plaintiff exhausted her administrative remedies.  In fact the Defendants even had the Defendant Russell Naranjo respond directly to the New Mexico Human Rights Commission administrative complaint as reflected in his Affidavit.

Defendants' assertion that Defendant Russell Naranjo was not named in the administrative proceeding is simply not true, misrepresents the facts and is disingenuous.  The New Mexico Human Rights Commission even directed questionnaires directly to Russell Naranjo as a named Respondent. (See Affidavit of Russell Naranjo here to as Exhibit 5).  The New Mexico Human Rights Commission

requested in its questionnaire to the Defendants, at paragraph 1, "Please have Russell Naranjo address the charge of discrimination in detail."  (See Questionnaire attached as Exhibit 6).

The form of the New Mexico Human Rights Commission allows for the naming of additional Respondents or Defendants in the "particulars" section of its form.  (See Letter dated September 28, 2007 and Charge of Discrimination attached as Exhibit 7).  Plaintiff named Defendant Russell Naranjo by his title in the "particulars" portion of the Charge of Discrimination.  She also named him by name in the Affidavit she attached to her Charge of Discrimination. (See affidavit of Plaintiff attached as Exhibit 4).

Wherefore, Plaintiff requests that the Motion for Summary Judgment be denied in its entirety because issues of disputed material fact exist concerning each issue raised in the Motion for Summary Judgment.

>
> Respectfully submitted:
> Yvonne K. Quintana
> Attorney at Law, P.C.
>
>
> _____/s/_____
> By: Yvonne K. Quintana
> Attorney at Law
> Post Office Box 2395
> Espanola, New Mexico  87532
> (505) 753-1911

**CERTIFICATE OF MAILING**

I certify that I electronically mailed the Plaintiff's Answer to Motion for Summary Judgment to Cristina A. Adams & Jeffrey L. Lowry, Rodney, Dickason, Sloan, Akin & Rob, PA, via e-mail at cadams@rodey.com and jlowry@rodey.com on this the ____ day of December 2008.

_____/s/_____
Yvonne K. Quintana