IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA VIGIL,

    Plaintiff,

v.  No. CV-08-0980 JB/RLP

CITY OF ESPANOLA, RUSSELL
NARANJO, IN HIS OFFICIAL CAPACITY
AND INDIVIDUALLY,

    Defendants.

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II**

    In response to Defendants' Motion for Summary Judgment on Counts I and II of Plaintiff's Complaint, Plaintiff completely fails to address the statutory requirement that an aggrieved party file "a notice of appeal within ninety days from the date of <u>service</u> of the commission's order." NMSA 1978 § 28-1-13(A) (2007 Cum. Supp.) (emphasis added). She also argues, without support, that any individual whom a charging party refers to by (an incorrect) title should be deemed a "respondent" for purposes of exhaustion of remedies under the NMHRA, regardless of whether she identified him as the subject of her complaint, whether the New Mexico Human Rights Commission considered that individual to be a respondent, whether any documents identify the individual as a respondent, whether the individual received the benefit of any of the procedures and protections afforded respondents, or whether the agency issued an order of dismissal to the individual informing him that he could be the subject of a lawsuit. Plaintiff also does not comply with Local Rules requiring her obligation to identify "the number of the movant's fact that is disputed," D.N.M.LR-Civ. 56.1(b), nor does she "refer with

1

particularity to those portions of the record" that raise genuine issues regarding the facts that Defendants set forth in their Statement of Undisputed Material Facts, id. Instead, Plaintiff makes conclusory statements unsupported by the record and makes arguments that are irrelevant to the resolution of the issues before the Court. Plaintiff's arguments are unconvincing. The Court should grant Defendants' motion for summary judgment on Counts I and II.

> I.  Plaintiff Does Not Comply with the Local Rules Requiring Her to Address Defendants' Statement of Material Facts by Number and with Particular Reference to the Record.

Instead of complying with D.N.M.LR-Civ. 56.1(b), which requires parties opposing summary judgment to "state the number of the movant's fact that is disputed" and "refer with particularity to those portions of the record upon which the opposing party relies," Plaintiff sets forth her own "Statement of Disputed Issues of Material Fact," none of which refer to Defendants' facts, only some which refer to the record, one of which is unsupported in the record (Paragraph 3), and one of which is completely conclusory (Paragraph 1).

Paragraphs 1 and 3 of Plaintiff's Statement of Disputed Issues of Material Fact deserve especially close scrutiny. Paragraph 1 states the conclusion that "Plaintiff filed the complaint initiating the instant lawsuit within 90 days after service of the Commission's Order of Non-determination on the Plaintiff." Pl.'s Resp. at 1. The paragraph does not cite to the record (for good reason, as the next paragraph of Plaintiff's statement concedes that the Commission's Order was mailed on May 22, 2008, which the City of Española's receipt of its copy on May 23, 2008 proves). Paragraph 1 simply announces the result Plaintiff would like the Court to reach. As explained in more detail below, the interpretation of the statutory term "service" is a legal issue, not a factual one. The Court should disregard this conclusory, unsupported "fact."

Paragraph 3 states, "Plaintiff, and her attorney did not receive the Order of Non-determination by mail." Pl.'s Resp. at 1. Again, Plaintiff does not refer to the record. She does, however, attach two affidavits that bear on but do not support the statement. The first is from Plaintiff's counsel, in which she testifies that her "office" did not receive the order of non-determination by mail, Ex. 2 to Pl.'s Resp., ¶ 1, and that "Plaintiff <u>through her undersigned counsel</u>, did not learn of the Order of Non-determination had been issued until June 25, 2008" when Plaintiff's counsel called to inquire about it, <u>id.</u> ¶ 3 (emphasis added). Plaintiff does not attempt to prove that both Plaintiff and her counsel somehow managed not to receive either of the letters mailed to them at different addresses.

The second affidavit is from Pamela Lujan y Vigil of the New Mexico Human Rights Commission. Ms. Lujan y Vigil does <u>not</u> testify that she did not mail the letter to the parties as indicated. She does <u>not</u> testify that either of the envelopes she mailed (separately) to Plaintiff or her lawyer were returned undelivered or, indeed, that there were any problems with the mailing. Instead, she testifies merely that Plaintiff's counsel contacted Ms. Lujan y Vigil on June 25, 2008, to announce that she allegedly had not received the order, that Ms. Lujan y Vigil made the order available to be picked up that day, and that Plaintiff's counsel picked up the order the next day. Ex. 3 to Pl.'s Resp.

As explained in more detail below, parties cannot avoid statutes of limitations by creating issues of fact about when they "received" orders. For very good policy reasons, the issue is "service," not "receipt." NMSA 1978 § 28-1-13(A) (2007 Cum. Supp.). For purposes of Plaintiff's factual argument, however, it is important to note that Plaintiff does not provide actual evidentiary support for the remarkable contention that neither she <u>nor</u> her lawyer received the Commission's separate mailings of the order. As the Order of Non-determination itself

3

indicates, Plaintiff, not her attorney, was the primary addressee; Plaintiff's counsel was copied as a courtesy. See Ex. A-2 to Defs.' Mot. At most, Plaintiff has created an issue of fact regarding whether <u>her lawyer</u> received the order by mail. Especially in the absence of evidentiary support, the Court should not indulge the highly unlikely and suspicious contention that of three addressees the only one to receive by mail the order that Plaintiff's counsel specifically requested[1] was the City of Española. Plaintiff's argument fails on its own terms.

A plaintiff's failure to comply with Local Rule 56.1 when opposing a motion for summary judgment will result in the defendants' facts being "deemed admitted." See, e.g., <u>Hanrahan v. Allstate Ins. Co.</u>, No. CIV 05-607 JP/WDS (Mem. Op. and Order at 2 [Doc. No. 41], June 6, 2006); <u>Sisneros v. City of Albuquerque</u>, No. CIV-02-1035 JB/KBM (Mem. Op. and Order at 2 [Doc. No. 35], Nov. 7, 2003 ("[The plaintiff's] failure to dispute any of the Defendants' facts means that the Court must deem those facts admitted for purposes of deciding this summary judgment motion.") The Court should accept Defendants' statement of facts as true and reject Plaintiff's statement of facts to the extent they are concolusory and unsupported.

II. <u>New Mexico Law Defines "Service" as "Mailing."</u>

The key legal issue before the Court is when an appeal from an order of the New Mexico Human Rights Commission must be filed and, more particularly, when the "ninety days" set forth in the statute starts to run. The statutory text provides that a party wishing to obtain a "trial de novo" of claims asserted under the NMHRA must do so "by filing a notice of appeal within ninety days from the date of <u>service</u> of the commission's order" on the charge of discrimination filed pursuant to the NMHRA. NMSA 1978 § 28-1-13(A) (2007 Cum. Supp.) (emphasis added).

---

[1] On May 19, 2008, Plaintiff's counsel sent a letter asking the Commission to issue an order of non-determination. See Letter of Yvonne K. Quintana to Vangie Padilla, May 19, 2008, attached as Ex. B.

4

The statute does not define service, but appeals from the New Mexico Human Rights Commission are governed by Rule 1-076 of the New Mexico Rules of Civil Procedure. Rule 1-076(D) ("Time for filing appeals") tracks the statutory language ("within ninety (90) days from the date of <u>service</u> on the parties to the administrative proceeding"). Rule 1-076(D) NMRA. "Service" is defined in the New Mexico Rules of Civil Procedure—the same rules that govern the appeals process. Rule 1-005(B) provides that "service" may be made by mailing and that "[s]ervice by mail is complete upon mailing." Rule 1-005(B) NMRA. That is consistent with federal law. <u>See</u> Fed. R. Civ. P. 5(b)(2)(C) ("service is complete upon mailing"). In fact, Rule 1-076(D) expressly contemplates service by mail, providing that "[t]he three (3) day mailing period set forth in Rule 1-006 does not apply to the time limit for filing the notice of appeal." Rule 1-076(D) NMRA. (As Defendants noted in the opening brief, Plaintiff's notice of appeal was late even if the three-day mailing period applied.)

The purpose of these service rules is to prevent situations like the one Plaintiff is trying to create in this lawsuit, allowing a party to avoid her obligations by "mere denial of the receipt" of a document. <u>See</u> <u>Indiana ex. rel. Lake County Dep't of Pub. Welfare v. Lake Superior Court</u>, 239 Ind. 652, 159 N.E.2d 849, 850 (Ind. 1959) ("a party receiving a pleading through the mail could by the mere denial of the receipt thereof nullify and terminate the opposing party's right to further proceedings in the cause"). The public policy favoring "service" over "receipt" as the triggering event for a statute of limitations is especially strong in the instant case, where the serving party is a government agency, not an opposing party. The New Mexico Human Rights Commission has no motive not to mail orders or to be dishonest about whether it did so. Moreover, the ninety-day time period provides ample protection against the rare case where one party does not promptly "receive" a properly-mailed order. Reasonably diligent parties can call

5

or write to determine whether an order was issued and, if so, still file an appeal well before the time period expires. In the instant case, for example, plaintiff's counsel asserts that she received the order on June 26, 2008. Ex. 2 to Pl.'s Resp. At that point, she knew that the Commission had served the order on May 22, 2008, because the date is clearly indicated at the top of the letter. She then had almost two months to draft and file a notice of appeal. For unknown reasons, she did not do so. There is no equitable or public policy reason, however, to reward dilatory behavior by interpreting "service" inconsistently with Rule 1-005(B). Service was complete upon mailing on May 22, 2008, and Plaintiff failed to file her notice of appeal within ninety days. Plaintiff violated the statute of limitations set forth in § 28-1-13(A), and her NMHRA claims against both the City of Española and Russell Naranjo, asserted as Counts I and II of her complaint, should be dismissed with prejudice.

    III.    <u>Plaintiff Did Not Exhaust Her Administrative Remedies As To Defendant Naranjo.</u>

A plaintiff may not bring NMHRA claims against individual defendants unless she has exhausted her administrative remedies against them. See <u>Luboyeski v. Hill</u>, 117 N.M. 380, 382, 872 P.2d 353, 355 (1994) ("individual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them"). In the instant case, Plaintiff named the City of Española as the "Respondent" in her charge, and in her affidavit she testified as follows:

> **My complaint is against City of Española, 405 Paseo De Onate[,] City of Española, State of New Mexico 87532.**

Affidavit of Melissa Vigil submitted to NMHRD, attached as Ex. C. She did not testify that her complaint was "against [the] City of Española and Russell Naranjo." See <u>id.</u> When Plaintiff's

counsel entered an appearance, she identified in the caption one and only one "RESPONDENT," the "CITY OF ESPAÑOLA." Entry of Appearance, attached as Ex. E.

Despite testifying that her complaint was against only the City of Española, Plaintiff now argues that her complaint really was against both the City of Española and Russell Naranjo because she referred to the "Assistant Director"[2] at the bottom of her charge. See Pl.'s Resp. at 3. Plaintiff also notes that she identified Russell Naranjo in an affidavit[3] and that the City of Española had Russell Naranjo address Plaintiff's allegations in an affidavit submitted in support of the City's response. Id.

Plaintiff misconstrues the meaning and purpose of the exhaustion of administrative remedies doctrine. Exhaustion of administrative remedies is more than merely providing notice that an individual allegedly engaged in discriminatory acts (at least in the opinion of the charging party). After all, employers can act only through individual people, so in every case a charging party will need to allege that individual people took discriminatory action. Boxes, vehicles, and office buildings do not discriminate. That does not mean, however, that in every case there are individual "respondents" within the meaning of the NMHRA. Merely mentioning those individuals does not satisfy the "exhaustion of administrative remedies" requirement or properly inform individuals and their employers that the individuals should expect to be subject to personal liability and damages. That would render Luboyeski meaningless.

The NMHRA provides special procedures and protections that apply only to charging parties and respondents. The law allows charging parties and respondents to mediate and

---

[2] This reference is obscure. Plaintiff worked as a legal assistant in the City Attorney's Office. Russell Naranjo was and remains the Deputy Director of Planning and Zoning, a completely different department. Only in the attachment to her NMHRD affidavit did Plaintiff identify Russell Naranjo by name.

[3] There is no evidence that Russell Naranjo received Plaintiff's affidavit.

conciliate disputes, for example, and it ensures that individual respondents receive, among other things, notice of the withdrawal or closure of a complaint. <u>See, e.g.</u>, NMAC 9.1.1.9(C) ("Prior to an investigation, the director will invite the parties to engage in mediation or conciliation discussions"); 9.1.1.8(I)(4) "In the event of a withdrawal or closure of a complaint, the director shall promptly notify the respondent of such action by mail, provided that the respondent has been notified of the complaint.")

There is no evidence that Naranjo personally was sent notice of the charge (allegedly) against him or that he personally was offered a chance to mediate or conciliate with the Plaintiff. The documentation in the HRD file, including correspondence for Plaintiff's counsel, identifies only one respondent: the City of Española. <u>See</u> Ex. B, C, D & E. Moreover, the evidence flatly disproves the contention that Naranjo personally received notice of the order of non-determination. Ex. A-2. Naranjo did not receive the administrative "due process" to which he would have been entitled if he were a respondent. To be sure, Russell Naranjo was aware that Plaintiff had filed a charge <u>against the City of Española</u> and that she had made allegations about him. That does not mean, however, that Plaintiff exhausted her administrative remedies against Naranjo. In Plaintiff's own words, her "complaint is against City of Española," Ex. C, and the Court should dismiss Russell Naranjo as a defendant.

## **Conclusion**

Plaintiff violated the statute of limitations and did not exhaust her administrative remedies. Her NMHRA claims, pled as Counts I and II of her Complaint, should be dismissed in their entirety and with prejudice.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By  /s/ *Electronically Filed on 1/9/09*
    Jeffrey L. Lowry
    Cristina A. Adams
Attorneys for Defendants
P.O. Box 1888
Albuquerque, New Mexico 87102
Telephone: (505) 765-5900
Facsimile: (505) 768-7395


## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2009, I filed the foregoing electronically through the CM/ECF system which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

    Yvonne K. Quintana, Attorney for Plaintiff
    ykq_law@valornet.com

                              By /s/
                                  Jeffrey L. Lowry